UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

DEBORAH GENATOSSIO and
MICHAEL GENATOSSIO,

    Plaintiffs

v.

NORTH AMERICAN AIRLINES, INC.,

    Defendant

05 10881 RGS

RECEIPT # _____ 2381_____
AMOUNT $ _____ 250.00____
CIVIL ACTION NO. SUMMONS ISSUED __N/A___
LOCAL RULE 4.1 _____ — _____
WAIVER FORM _____ — _____
MCF ISSUED _____ — _____
BY DPTY. CLK. _____ ll.P _____
DATE _____ 4/29/c _____

**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT
COURT 28 U.S.C. § 1441 (A)**

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MASSACHUSETTS:**     MAGISTRATE JUDGE RGS

    The Defendant, North American Airlines, Inc.. (hereinafter "NAA" or the "Defendant"), pursuant to Section 1331 and Section 1441 of Title 28 of the United States Code and Rule 81.1 of the Local Rules for the United States District Court, District of Massachusetts, herewith files this Notice of Removal in the United States District Court for the District of Massachusetts from the Superior Court of the Commonwealth of Massachusetts in and for Suffolk County and states the following in support of this Notice of Removal:

1.     The Plaintiffs, Deborah and Michael Genatossio, (hereinafter "Genatossio" or the "Plaintiffs"), filed a civil action against NAA on or about January 27, 2005, in the Superior Court of the Commonwealth of Massachusetts in and for Suffolk County, Civil Action No. SUCV2005-0340G, Deborah Genatossio and Michael Genatossio v. North American Airlines, Inc.

2.     On or about April 11, 2005, the Plaintiff served NAA with a copy of the Complaint via first class mail. See Letter from Plaintiff's Counsel dated April 7, 2005.

37029.1

3. This Notice of Removal is filed in the United States District Court for the District of Massachusetts within the time allowed by law for removal of civil actions. The documents attached hereto as Exhibit "A" constitute all of the process and pleadings served upon NAA by the Plaintiffs to date.

4. This action is removable to this Court pursuant to Section 1441(a) and (b) of Title 28 of the United States Code, because this Court has original jurisdiction under Section 1331 of Title 28 of the United States Code.

5. In particular, the Plaintiff's claims present federal questions because they are (1) completely preempted, (2) arise under federal common law, and/or (3) raise express or implied causes of action under the Constitution, federal statute, or international treaty.

6. The following bodies of law support a finding of complete preemption of the Plaintiff's claims, a finding that the claims arise under federal common law, and/or a finding that the complaint raises an express or implied cause of action under the Constitution, federal statute or international treaty: the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 3014, T.S. No. 876 (1934), *reprinted in* note following 49 U.S.C. § 40105 (the "Warsaw Convention" or the "Convention").

7. This action is removable to this Court pursuant to 28 U.S.C. §1441(a) because this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a)(1) in that the plaintiff and the defendant are citizens of different states. Plaintiffs are residents of Medfield, Massachusetts. NAA is a New York corporation and its principal place of business is located in Jamaica, New York. Thus, diversity of citizenship exists. Moreover, the amount in controversy exceeds $75,000 based upon the plaintiffs' claims that they are entitled to monetary damages relating to her hospital and doctor expenses for her alleged injuries in the amount of $55,000.00 plus unspecified damages for future medical costs, pain and suffering and the loss of consortium. Plaintiffs are also seeking attorney's fees associated with pursuing this litigation. Thus, in the event plaintiffs prevail on these claims against NAA and NAA is adjudged liable for damages incurred by the plaintiffs, plaintiffs claim they are entitled to recover more than the $75,000 jurisdictional amount.

8. This Notice of Removal is being filed within thirty (30) <u>days of service</u> and <u>receipt</u> of the Summons and Complaint in accordance with Section 1446(b) of Title 28 of the United States Code.

9. A notice of the filing of this Notice of Removal and a true copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the Commonwealth of Massachusetts in and for Suffolk County, as required by Section 1446(d) of Title 28 of the United States Code.

10. Pursuant to Local Rule 81.1(a) shall, within thirty (30) days after filing a notice for removal of the action from state court to this court, file certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court. See LR 81.1(a).

WHEREFORE, North American Airlines, Inc. prays that the action currently pending in the Superior Court of the Commonwealth of Massachusetts in and for Suffolk County be removed to the United States District Court for the District of Massachusetts.

Respectfully submitted,
NORTH AMERICAN AIRLINES, INC.,

By Its Attorneys,

*[signature]*

Maynard M. Kirpalani, BBO#273940
Carey Bertrand, BBO#650496
Wilson, Elser, Moskowitz,
Edelman & Dicker, LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

Dated: 4/29/05

37029.1

## SARROUF, TARRICONE & FLEMMING

### LAWYERS

A PROFESSIONAL CORPORATION

85 COMMERCIAL WHARF · BOSTON, MASSACHUSETTS 02110
TELEPHONE 617 227-5800 · FAX 617 227-5470
WWW.STFLAW.COM

Camille F. Sarrouf
Anthony Tarricone
John B. Flemming
Daniel J. Gibson
Camille F. Sarrouf, Jr.
Joseph P. Musacchio
Elise A. Brassil
Stanley D. Helinski

April 7, 2005

North American Airlines, Inc.
Building 75, Suite 250
North Hanger Road
JFK Airport
Jamaica, NY 11430

Re: Deborah Genatossio and Michael Genatossio
v.
North American Airlines, Inc.
Suffolk County Docket No: SUCV2005-00340

Dear Sir or Madam:

You are hereby served with a copy of the Complaint, Civil Action Cover Sheet and with process in the above-entitled action in accordance with Massachusetts General Laws, Chapter 223A, Section 6.

Very truly yours,

Daniel J. Gibson

DJG/kmb
enc.

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 05-0340-G

DEBORAH GENATOSSIO, and
MICHAEL GENATOSSIO                          , Plaintiff(s)

v.

NORTH AMERICAN AIRLINES, INC.               , Defendant(s)

## SUMMONS

To the above-named Defendant: North American Airlines, Inc.
Building 75, Suite 250, North Hanger Rd.
JFK Airport, Jamaica, NY 11430

You are hereby summoned and required to serve upon Daniel J. Gibson, Esq.
Sarrouf, Tarricone & Flemming
plaintiff's attorney, whose address is 95 Commercial Wharf, Boston, MA 02110, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the 7th day of April, in the year of our Lord two thousand and five.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                SUPERIOR COURT
                                            CIVIL ACTION NO. 05-0340-G

DEBORAH GENATOSSIO,            )
and MICHAEL GENATOSSIO,        )
       Plaintiffs,             )
                               )    **PLAINTIFFS' COMPLAINT**
                               )
v.                             )    **PLAINTIFFS CLAIM TRIAL BY JURY**
                               )
NORTH AMERICAN AIRLINES,       )
INC.,                          )
       Defendant.              )

## THE PARTIES

1. The plaintiff, Deborah Genatossio, is a citizen of the United States and a resident of the Town of Medfield, County of Norfolk, Commonwealth of Massachusetts.

2. The plaintiff, Michael Genatossio, is a citizen of the United States and a resident of the Town of Medfield, County of Norfolk, Commonwealth of Massachusetts.

3. At all times relevant to this action, the plaintiffs were and remain lawfully married as husband and wife.

4. The defendant, North American Airlines, Inc., based upon information and belief, is a United States corporation with a principle place of business located in Jamaica, New York, however, at all times relevant to this action, the defendant, North American Airlines, Inc., maintained a usual and customary place of business within the City of Boston, County of Suffolk, Commonwealth of Massachusetts.

## JURISDICTION AND VENUE

5. Personal jurisdiction exists over the defendant pursuant to G.L. c. 223A, § 3.

6. Jurisdiction in the United States exists also pursuant to Article 28 of the Warsaw Convention, in that the plaintiff's ticket was issued by North American Airlines, Inc., and purchased by the plaintiffs through an authorized agent within the United States, and the departure and destination of the roundtrip ticket on the North American Airlines, Inc., flight was Boston, Massachusetts.

7. The subject flight involved "international transportation" as defined under the Warsaw Convention.

SARROUF, TARRICONE
& FLEMMING, P.C.
95 COMMERCIAL WHARF
BOSTON, MASS. 02110
(617) 227-5800

8. Venue in this Court is appropriate in that it is a judicial district in which the defendant is subject to personal jurisdiction.

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

9. On January 31, 2003 the plaintiffs departed Logan International Airport, Boston, Massachusetts, onboard North American Airlines Flight 31 destined for Puerto Plata.

10. The plaintiffs' roundtrip ticket, purchased through a Massachusetts agent authorized to sell tickets for roundtrip passage on North American Airlines flights, provided that they would return from Puerto Plata to Logan International Airport, Boston, Massachusetts on February 7, 2003 onboard North American Airlines Flight 32.

11. On February 7, 2003 North American Airlines Flight 32 departed Puerto Plata en route to Boston, Massachusetts, however, North American Airlines Flight 32 diverted to Turks and Caicos to pick up additional Boston, Massachusetts bound passengers.

12. On February 7, 2003, during the flight from Puerto Plata to Turks and Caicos heavy metal trays were used in the cabin in connection with in-flight food service.

13. On February 7, 2003, while North American Airlines Flight 32 was on final approach to Turks and Caicos for landing, the flight attendant staff attempted to store a number of heavy metal trays in the overhead compartment above the seat occupied by the plaintiff, Deborah Genatossio.

14. On February 7, 2003, during the final approach of North American Airlines Flight 32 into the Turks and Caicos airport, the metal trays which had been inadequately secured in the overhead compartment above Deborah Genatossio's seat, fell from the overhead compartment and crashed down onto Deborah Genatossio's left leg and foot.

15. On February 7, 2003, the inadequately secured metal trays which fell onto plaintiff Deborah Genatossio's left leg and foot proximately resulted in serious personal injuries to the plaintiff, Deborah Genatossio.

16. The incident involving the plaintiff, Deborah Genatossio, constituted an accident or unexpected unusual event external to the passenger within the meaning of the Warsaw Convention.

17. The incident onboard North American Airlines Flight 32 on February 7, 2003 and the resulting serious physical injuries to the plaintiff, Deborah Genatossio, were proximately caused by the carelessness and negligence of the defendant, North American Airlines, Inc., by and through its servants, agents and employees in any or all of the following respects:

   (a) in failing to provide for the safe passage of its passengers from Puerto Plata to Boston, Massachusetts;

SARROUF, TARRICONE
& FLEMMING, P.C.
95 COMMERCIAL WHARF
BOSTON, MASS. 02110
(617) 227-5800

2

(b) in failing to adequately train its flight attendants as to the appropriate procedures and protocols for securing heavy objects in overhead compartments above passenger seating;

(c) in failing to adequately monitor and review the efforts and actions of its flight attendant staff while attempting to secure heavy objects in overhead compartments above passenger seating;

(d) in failing to adequately and safely secure heavy objects in overhead compartments above passenger seating;

18. As a direct and proximate result of the physical injuries suffered by the plaintiff, Deborah Genatossio, her husband, Michael Genatossio, has suffered a loss of his wife's care, comfort, companionship, society and consortium.

## COUNT I

Claim of the plaintiff, Deborah Genatossio, against the defendant, North American Airlines, Inc., for PERSONAL INJURY PREDICATED UPON NEGLIGENCE.

19. The plaintiff repeats, realleges and incorporates herein ¶¶ 1 through 18 above as if fully stated herein.

20. On February 7, 2003, during North American Airlines, Inc., Flight 32, the defendant, North American Airlines, Inc., through its agents, servants, and employees, negligently and carelessly secured heavy objects in the overhead compartment above the seat assigned to the plaintiff, Deborah Genatossio, thereby allowing heavy metal trays to fall onto Deborah Genatossio's left leg and foot, which proximately resulted in serious personal injuries to the plaintiff, Deborah Genatossio.

21. As a direct result of the foregoing, the plaintiff suffered severe personal injuries, great pain of body and anguish of mind, and incurred medical and other expenses.

22. Predicated upon the foregoing, the plaintiff, Deborah Genatossio, is entitled to recover damages from the defendant for her personal injuries, pain of body and anguish of mind suffered as a result of the February 7, 2003 incident together with interest and costs.

WHEREFORE, the plaintiff, Deborah Genatossio, demands judgment against the defendant, North American Airlines, Inc., in an amount sufficient to compensate her for her damages, pain of body and anguish of mind and related expenses plus interest and costs.

## COUNT II

Claim of the plaintiff, Michael Genatossio, against the defendant, North American Airlines, Inc., for LOSS OF CONSORTIUM PREDICATED UPON NEGLIGENCE.

23. The plaintiff repeats, realleges and incorporates fully herein ¶¶ 1 through 20 of Count I as if fully stated herein.

24. As a direct result of the foregoing, the plaintiff, Michael Genatossio, was deprived of his wife's full society, care, comfort, companionship and consortium.

25. As a result of the foregoing, the plaintiff, Michael Genatossio, is entitled to recover damages from the defendant, in an amount sufficient to fully and fairly compensate him for his losses, together with interest and costs.

WHEREFORE, the plaintiff, Michael Genatossio, demands judgment against the defendant, North American Airlines, Inc., in an amount sufficient to fully and fairly compensate him for his losses, together with interest and costs.

## JURY CLAIM

The plaintiffs' claim trial by jury on all issues.

Respectfully submitted,
The plaintiffs,
Deborah Genatossio and
Michael Genatossio,
By Their Counsel,

*/s/ Daniel K. Gibson*

DANIEL K. GIBSON, ESQ.
BBO#: 550661
Sarrouf, Tarricone & Flemming
95 Commercial Wharf
Boston, MA 02110
Tel.: (617) 227-5800

Dated: 1/27/05

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT County: | Docket Number 05-0340-G |
|---|---|---|
| PLAINTIFF(S) Deborah Genatossio and Michael Genatossio | | DEFENDANT(S) North American Airlines, Inc. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Daniel J. Gibson, Esq., (510-227-5800) Sarrouf, Tarricone & Fleming Board of Bar Overseers number: 550661 | | ATTORNEY (if known) |

Origin code and track designation

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. c. 231, s. 104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript relief from judgment/ Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Personal Injury | (F) | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses .................................................. $44,054
 2. Total Doctor expenses ................................................... $1,213
 3. Total chiropractic expenses ............................................. $ --
 4. Total physical therapy expenses ........................................ $ --
 5. Total other expenses (describe) ........................................ $ --
                                                            Subtotal $5,267
B. Documented lost wages and compensation to date ......................... $
C. Documented property damages to date .................................... $
D. Reasonably anticipated future medical and hospital expenses ............ $uncertain
E. Reasonably anticipated lost wages ...................................... $uncertain
F. Other documented items of damages (describe) ........................... $ --

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Deborah Genatossio was a passenger onboard North American Airlines, Inc., Flight 32 on February 7, 2003. Metal trays, not properly secured in an overhead compartment, fell on plaintiff's left leg and foot resulting in a crushing injury which caused the plaintiff to suffer acute pain and chronic Reflex Sympathetic Distrophy.                                           TOTAL $5,267

CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

                                                            TOTAL $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record /s/ Daniel J. Gibson    DATE: 1/27/05

A.O.S.C. 2003

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Deborah Genatossio v. North AtlanticAirlines, Inc.__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LIST ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1))

   ___ I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT

   ___ II.   195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720,730,
             740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   _X_ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

   05-10881 RGS

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E))
   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT? __NO__

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? __NO__
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? __NO__

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY)? (SEE LOCAL RULE 40.1(C)) YES ____ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? (SEE LOCAL RULE 40.1(D)) YES ____

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES __NO__
   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? __Norfolk__

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION_____ OR WESTERN SECTION_____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Maynard M. Kirpalani/Carey L. Bertrand__
ADDRESS __Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 155 Federal St., Boston, MA 02110__
TELEPHONE NO. __(617) 422-5300__

(COVER.SHT-08/90)

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Deborah GEnatossio and Michael GEnatossio

**DEFENDANTS**
North Atlantic Airlines, Inc.,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

05-10881-RGS

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Daniel J. Gibson, Esq.
Sarrouf, Tarricone, & Fleming
85 Commercial Wharf
Boston, MA

ATTORNEYS (IF KNOWN)
Maynard M. Kirpalani / Carey Bertrand
Wilson, Elser, Moskowitz, Edelman & Dicker
155 Federal Street, Boston, MA

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY — PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☒ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine — PERSONAL PROPERTY | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| | | | ☐ 864 SSID Title XVI | |
| ☐ 210 Land Condemnation | ☐ 441 Voting | PRISONER PETITIONS | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | HABEAS CORPUS: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS |
| ☐ 240 Torts to Land | | ☐ 530 General | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC 1331, 1441 - Personal injury at airport site

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 4/29/05
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____