UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH GENATOSSIO and MICHAEL GENATOSSIO, Plaintiffs<br><br>v.<br><br>NORTH AMERICAN AIRLINES, INC., Defendant | CIVIL ACTION NO. 05-10881 |

### ANSWER TO PLAINTIFFS' COMPLAINT

### THE PARTIES

1. The Defendant is without sufficient information to either admits or deny the allegation contained in paragraph 1 of the Plaintiffs' Complaint.

2. The Defendant is without sufficient information to either admit or deny the allegation contained in paragraph 2 of the Plaintiffs' Complaint.

3. The Defendant is without sufficient information to either admit or deny the allegation contained in paragraph 3 of the Plaintiffs' Complaint.

4. The Defendant admits the allegations contained in Paragraph 4 of the Plaintiffs' Complaint.

### JURISDICTION AND VENUE

5. This allegation calls for a legal conclusion thus no response is required. To the extent a response is required, denied.

6. This allegation calls for a legal conclusion thus no response is required.

7. This allegation calls for a legal conclusion thus no response is required.

8. This allegation calls for a legal conclusion thus no response is required.

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

9. The Defendant admits the allegations contained in Paragraph 9 of the Plaintiffs' Complaint.

37177.1

10. The Defendant admits the allegations contained in Paragraph 10 of the Plaintiffs' Complaint.

11. The Defendant admits the allegations contained in Paragraph 11 of the Plaintiffs' Complaint.

12. The Defendant admits that food service trays were on board and deny the remainder of the allegations contained in Paragraph 12 of the Plaintiffs' Complaint.

13. The Defendant admits that trays were stored in the overhead bin and deny the remainder of the allegations contained in Paragraph 13 of the Plaintiffs' Complaint.

14. The Defendant admits that food service trays fell from the overhead bin and deny the remainder of the allegations contained in Paragraph 14 of the Plaintiffs' Complaint.

15. The Defendant denies the allegations contained in Paragraph 15 of the Plaintiffs' Complaint.

16. This allegation calls for a legal conclusion thus no response is required. To the extent a response is required, denied.

17. The Defendant denies the allegations contained in Paragraph 17(a) – (d) of the Plaintiffs' Complaint.

18. The Defendant denies the allegations contained in Paragraph 18 of the Plaintiffs' Complaint.

## COUNT I
### (Personal Injury Predicated Upon Negligence)

19. The Defendant reasserts and incorporates by reference herein each of its responses set forth in paragraphs 1 through 19 to the Plaintiffs' Complaint.

20. The Defendant denies the allegations contained in Paragraph 20 of the Plaintiffs' Complaint.

21. The Defendant denies the allegations contained in Paragraph 21 of the Plaintiffs' Complaint.

22. The Defendant denies the allegations contained in Paragraph 22 of the Plaintiffs' Complaint.

37177.1

WHEREFORE, North American Airlines, Inc. seeks dismissal of this Count and an award of fees and costs and any other relief that this court deems just and appropriate.

## COUNT II
### (Loss of Consortium Predicated Upon Negligence)

23. The Defendant reasserts and incorporates by reference herein each of its responses set forth in paragraphs 1 through 19 to the Plaintiffs' Complaint.

24. The Defendant denies the allegations contained in Paragraph 24 of the Plaintiffs' Complaint.

25. The Defendant denies the allegations contained in Paragraph 25 of the Plaintiffs' Complaint.

WHEREFORE, North American Airlines, Inc. seeks dismissal of this Count.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
By way of affirmative defense, the plaintiffs have failed to state a cause of action in its complaint for which relief can be granted.  Federal Rules of Civil Procedure 12 (b)(6).

### SECOND AFFIRMATIVE DEFENSE
By way of affirmative defense, the defendant says that the negligence of the plaintiff was greater than the alleged negligence of the defendant and that such negligence of the plaintiff contributed to its alleged injury and, therefore, the plaintiff is barred from recovery.

### THIRD AFFIRMATIVE DEFENSE
By way of affirmative defense, the defendant says that the plaintiff was guilty of comparative negligence and that the damages, if any, recovered by the plaintiff from the defendant should be reduced in proportion to the said negligence of the plaintiff.

### FOURTH AFFIRMATIVE DEFENSE
By way of affirmative defense, the defendant states that the plaintiff's claim are barred because the alleged injuries were not due to the negligence of the Defendant and/or the alleged damages were solely due to the negligence of another party.

### FIFTH AFFIRMATIVE DEFENSE
By way of affirmative defense, the defendant states that the plaintiff's claim is limited and/or barred by the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 3014, T.S. No. 876

37177.1

(1934), *reprinted in* note following 49 U.S.C. § 40105 (the "Warsaw Convention" or the "Convention"), as amended.

### SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that if the plaintiff suffered injuries or damages, as alleged, such injuries or damages were caused by someone for whose conduct the defendant was not and is not legally responsible.

### SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiff is not entitled to recover because the plaintiff failed to mitigate damages.

### EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's alleged injuries or damages were caused in whole or in part by the negligence of the plaintiff.

### NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that no act or omission by it was a proximate cause of damages, if any, allegedly sustained by the plaintiff.

Respectfully submitted,
The Defendants,
NORTH AMERICAN AIRLINES, INC.

/s/ Carey L. Bertrand
Maynard M. Kirpalani, BBO#273940
Carey Bertrand, BBO# 650496
Wilson, Elser, Moskowitz,
Edelman & Dicker, LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

Dated:  May 6, 2005

### CERTIFICATE OF SERVICE

I, Carey L. Bertrand, hereby certify that a true copy of the foregoing *document* was served upon all counsel of record by forwarding a copy of the same, first class mail, postage prepaid on this 6th day of May 2005 to:

Daniel L. Gibson, Esq.
Sarrouf, Tarricone & Fleming
95 Commercial Wharf
Boston, MA 02110

/s/ Carey L. Bertrand
Carey L. Bertrand

37177.1

37177.1